UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JULIUS McQUEEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-01650(GK) |
| | ) | |
| FRANCIS HARVEY, | ) | |
| SECRETARY OF THE ARMY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Plaintiff Julius McQueen, formerly proceeding pro se,[1] brings this action against Francis Harvey, Secretary of the Army, alleging race discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e, et seq.  This matter is before the Court on Defendant's Motion to Dismiss for Lack of Jurisdiction and Improper Venue [**Dkt. No. 5**].  Upon consideration of the Motion, Opposition, and the entire record herein, and for the reasons stated below, Defendant's Motion to Dismiss is **denied** and the matter is **transferred to the United States District Court for the Eastern District of Virginia.**

---

[1] A Notice of Appearance was entered on behalf of Plaintiff on August 18, 2006, by Danny Elmore of Elmore, Pugh & Warren, P.C. This Notice of Appearance was entered subsequent to the filing of the Complaint and Plaintiff's Response to the instant Motion to Dismiss ["Resp."].

## I.   BACKGROUND[2]

Plaintiff Julius McQueen, a black male civilian employee, began his employment with the United States Army in 1994 as a Mail and File Clerk for the 43rd Signal Battalion, Network Service Center, in Heidelberg, Germany.  In May of 2001, the Department of the Army ["the Agency"] promoted Plaintiff's white co-worker to Lead Mail Clerk, a position for which Plaintiff had also applied.  On or about August 17, 2001, Plaintiff filed a complaint alleging discrimination in violation of Title VII of the 1964 Civil Rights Act with the Agency's Equal Employment Opportunity Office.  Resp. at 2. The Final Agency Decision in that matter was filed on August 2, 2004.  Resp. at 2.  The Agency rejected Plaintiff's claims, finding that although McQueen met his prima facie burden of showing race discrimination, he failed to refute the Agency's legitimate, non-discriminatory reason for his non-selection.  Compl., Ex. A.

Thereafter, Plaintiff filed an appeal with the Equal Employment Opportunity Commission's ["EEOC"] Office of Federal Operations in Washington, D.C.  The EEOC's December 22, 2004 decision affirmed the Agency's final decision and provided Plaintiff with a right to file a civil action in a district court within ninety days of receipt of the

---

[2]For purposes of ruling on a motion to dismiss, the factual allegations of the complaint must be presumed to be true and liberally construed in favor of the plaintiff. Shear v. National Rifle Ass'n of Am., 606 F.2d 1251, 1253 (D.C. Cir. 1979). Accordingly, many of the facts set forth herein are taken from Plaintiff's Complaint, as supplemented by information provided in Plaintiff's Response.

decision. Compl., Ex. A. Plaintiff received notice of the decision on or about December 30, 2004.[3] Resp. at 7. On or about March 15, 2005,[4] Plaintiff filed with the Court an application to proceed in forma pauperis. Resp. at 6. Plaintiff has represented that he included a copy of the Complaint with the application, and therefore believed the Complaint was officially filed upon the Court's receipt of the IFP application. Resp. at 6. In fact, the Court issued a March 30, 2005 Order rejecting and returning to Plaintiff his IFP application, citing procedural deficiencies: failing to complete and sign the application. Mot. for Extension of Time, Ex. D. The instant Complaint ultimately was filed on August 16, 2005, alleging one count of discrimination based on race in violation of Title VII of the Civil Rights Act of 1964.

---

[3]Plaintiff's Response identifies this date inconsistently as "December 30, 2005" and "December 30, 2004." Resp. at 6-7. Given that Plaintiff filed the Complaint in this case appealing the EEOC decision, on August 16, 2005, Plaintiff's reference to "December 30, 2005" as the date on which he received notice of the decision plainly was in error.

[4]Plaintiff's Response identifies this date inconsistently as "December 30, 2004," "March 15, 2004" and "March 15, 2005." Resp. at 2, 6-7. Given that Plaintiff did not receive notice of the decision until December 30, 2004, and that an Order returning Plaintiff's application to proceed in forma pauperis for procedural deficiencies was issued on March 30, 2005, Plaintiff's references to "December 30, 2004" and "March 15, 2004" as the date on which he mailed his application to proceed in forma pauperis plainly were in error. Mot. for Extension of Time [Dkt. No. 9], Ex. D.

## II. STANDARD OF REVIEW

### A. Venue

On a motion to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3), the court must accept as true a plaintiff's well-pled allegations and draw all reasonable inferences from those allegations in the plaintiff's favor, although the court need not accept a plaintiff's alleged legal conclusions as true. Darby v. Dep't of Energy, 231 F. Supp. 2d 274, 276-77 (D.D.C. 2002). A defendant must present specific facts that defeat a plaintiff's assertion of venue to prevail on a motion to dismiss for improper venue. Id. at 277.

### B. Subject Matter Jurisdiction

Defendant contends that the Court should apply the standard of review for assessing a motion to dismiss for lack of subject matter jurisdiction. Mot. to Dismiss at 1. See Fed. R. Civ. Pro. 12(b)(1). However, that standard is inapplicable here, as Plaintiff's failure to file a claim within ninety days of the EEOC's final decision does not raise a jurisdictional issue.

It is true that a federal employee asserting claims against his or her employer under Title VII must file suit within ninety days of receiving notice of the agency's final administrative action. 42 U.S.C. § 2000e-16(c). Plaintiff missed this deadline by five months, and it is uncontested that his claim was untimely. However, the Supreme Court has held that the time limitations set forth in Title

VII are <u>not</u> jurisdictional in nature; rather, they are subject to equitable considerations. <u>Irwin v. Dep't of Veteran Affairs</u>, 498 U.S. 89, 95-96 (1990) (determining that the time limitation for filing a Title VII claim in district court is not an absolute jurisdictional limit, but is subject to equitable tolling under appropriate circumstances); <u>Zipes v. Trans. World Airlines, Inc.</u>, 455 U.S. 385, 393 (1982) (holding that "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling").  Therefore, application of a Rule 12(b)(1) standard of review to the present Motion is not justified.

### III. ANALYSIS

Both parties agree that venue is not proper in the District of Columbia.  The parties disagree over whether the case should therefore be dismissed, or be transferred to the Eastern District of Virginia.

When faced with improper venue, a court may, "in the interest of justice" and as an alternative to dismissal, transfer the case to "any district or division in which it could have been brought." 28 U.S.C. 1406(a). Section 2000e-5(f)(3) of Title 42 sets forth that venue lies for a Title VII action: (1) in any judicial district in the state where the unlawful employment practice is alleged to have taken place; (2) in the district where the relevant employment records are

maintained and administered; or (3) in the district where the complainant would have worked, but for the unlawful practice. If the defendant cannot be found in any such district, venue is proper in the district where the defendant has his principal office. 42 U.S.C. §2000(e)-5(f)(3).

Proper venue for this action cannot be established under any of the statute's three criteria. The alleged unlawful acts all took place in Germany. Plaintiff does not assert that the relevant employment records are maintained or administered in any judicial district, and Plaintiff would have worked in Germany had he been selected for the promotion. Having found no district that would provide a proper venue under the first three prongs of the statute, the Court must look to the judicial district where Defendant maintains his principal office. The Secretary of the Army maintains his principal office in the Pentagon, which is located in the Eastern District of Virginia. Saran v. Harvey, 2005 U.S. Dist. LEXIS 8908, at *7, 11 (D.D.C. May 9, 2005). Therefore, under the venue provision of Title VII, proper venue lies in the Eastern District of Virginia.

The D.C. Circuit favors transfer when procedural obstacles such as improper venue impede "an expeditious and orderly adjudication on the merits." Davis v. American Society of Civil Engineers, 290 F. Supp. 2d 116, 121 (D.D.C. 2003) (citing Sinclair v. Kleindienst, 711 F.2d 291, 293-94 (D.C. Cir. 1983)). Accord Cary v. SSA, 2000 U.S. Dist. LEXIS 15871, at *5-6 (D.D.C. Oct. 24, 2000). The decision regarding whether to transfer or dismiss a complaint rests within the sound discretion of the court. Naartex Consulting Corp. V. Watt, 722

F.2d 779, 789 (D.C. Cir. 1983).

In determining whether it is in the interest of justice to transfer a case, one consideration is whether transfer would prejudice Defendant's position on the merits. Sinclair, 711 F.2d at 293; Cary, 2000 U.S. Dist. LEXIS 15871, at *12. In this case, Defendant would not be prejudiced by a change in venue to the Eastern District of Virginia. Defendant has not yet filed an Answer in this case; indeed the instant Motion to Dismiss is the only submission to the Court Defendant has made in this case.

The Court may also take into consideration that transfer would save Plaintiff "the time and expense of refiling this lawsuit in a different district." Abramoff v. Shake Consulting, L.L.C., 288 F. Supp. 2d 1, 6 (D.D.C. 2003); Capital Bank Int'l, Ltd. v. Citigroup, Inc., 276 F. Supp. 2d 72, 28 (D.D.C. 2003); Cary, 2000 U.S. Dist. LEXIS 15871, at *12; Cellutech, Inc. v. Centennial Cellular Corp., 871 F. Supp. 46, 50 (D.D.C. 1994). Given Plaintiff's past difficulties in filing this complaint, his economic circumstances, and the fact that he is still working in Germany, the Court finds that transfer will help ensure an expeditious and orderly adjudication of this case on the merits.

Plaintiff's status as a pro se plaintiff at the time of his filing also merits additional leniency. Courts often consider a litigant's pro se status in determining whether dismissal is warranted due to procedural defects in a filing. For example, pro se complaints are often subject to less stringent standards than formal pleadings drafted by attorneys. Hilska v. Jones, 217 F.R.D. 16, 21 (D.D.C.

2003) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)); see also Childers v. Mineta, 205 F.R.D. 29, 31 (D.D.C 2001) (explaining that pro se litigants may be given more latitude than parties represented by counsel to correct defects in service of process and pleadings). Accordingly, Plaintiff's pro se status is one consideration in determining whether transfer is appropriate.

The circumstances before this Court warrant the transfer of this case, rather than its dismissal.  The Pentagon, where Defendant maintains his principal office, is located in Arlington, Virginia, but carries a District of Columbia mailing address.  Plaintiff contends that he relied upon this mailing address as a proper representation of the actual location of the Secretary of the Army in filing the Complaint in the District of Columbia.  Given the understandable confusion regarding the location of the Secretary of the Army's "principal office," Plaintiff's pro se status at the time of the Complaint's filing, and the additional considerations outlined above, the Court finds that transfer of this case is in the interest of justice.  This case is therefore transferred to the Eastern District of Virginia, where the Pentagon is located.

## IV.   CONCLUSION

For the foregoing reasons Defendants' Motion to Dismiss **[Dkt. No. 5]** is **denied** and this case is **transferred to the United States District Court for the Eastern District of Virginia.**

8

An Order shall accompany this Memorandum Opinion.



July 28, 2008                               /s/
                                            Gladys Kessler
                                            United States District Judge


**Copies to: Attorneys of record via ECF**